IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| COURTNEY BRESHELL, § | |
| PLAINTIFF, § | |
| § | |
| v. § | CIVIL CASE NO. 3:22-CV-1733-S-BK |
| § | |
| BARBARA M.G. LYNN, ET AL. § | |
| DEFENDANTS. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge for management, including issuance of findings and a recommended disposition where appropriate. For the reasons stated here, this civil action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order and for lack of prosecution.

I.

Plaintiff Courtney Breshell is proceeding *pro se* and has not paid the filing fee. Breshell filed a purported application to proceed *in forma pauperis* ("IFP") but refused to respond to the application inquiries that would allow the Court to determine whether she is entitled to proceed without payment of costs. *See generally* Doc. 4. Instead, Breshell attached a titled "Notice to Clerk Justice is not for sale," in which she states she will not pay court fees because "justice is not for sale." Doc. 4 at 6.

On August 25, 2022, the Court issued a deficiency order requiring Breshell, to either pay the filing fee or submit a completed IFP application by September 21, 2022. Doc. 7. On October 12, 2022, after Breshell had failed to do either, the Court again ordered her to either pay

the filing fee or submit a completed application to proceed IFP. Doc. 8. The deadline to comply with the second deficiency order was November 2, 2022. Doc. 8. As of the date of this recommendation, however, Breshell has again failed to comply or request an extension of the time to do so.

Breshell's complaint is difficult to decipher, but she appears to allege the "unlawful detainment" of her husband, which she deems a trespass and kidnapping. *See* Doc. 3 at 2. She claims that the "trespass" began on January 19, 2022 and is continuing. Doc. 3 at 2. Breshell names as defendants several federal judges, United States Attorneys, the Clerk of Court for the Northern District of Texas, and federal public defenders. Doc. 3 at 2. She also references 42 U.S.C. §§ 1983 and 1985; the Administrative Procedures Act ("APA"); the Privacy Act of 1974; and the First, Fourth, and Sixth Amendments, Doc. 3 at 2, 28, and seeks restoration of her property and $215,369,770 in damages. Doc. 3 at 3.[1]

Ultimately, given the dearth of legally cognizable allegations in the complaint, the Court cannot ascertain whether the dismissal of this action will result in Breshell being precluded from pursuing her claims in the future due to limitations.[2] That notwithstanding, dismissal is appropriate even applying a higher standard of review.

---

[1] Breshell attached documents from the federal criminal proceedings in this court against Jonathan Obrian James (presumably her husband) to her complaint, including the docket sheet and a motion for detention. Doc. 3 at 4-10; *see also United States v. Jonathan Obrian James*, Crim. No. 3:22-CR-026-X (N.D. Tex. 2022). She also attaches various filings from a Texas state court seizure and forfeiture proceeding involving Jonathan Obrian James, as well as another civil complaint addressed to the United States Court of Federal Claims. Doc. 3 at 11-27.

[2] The statute of limitations for claims under sections 1983 and 1985 that are brought in Texas federal courts is two years from the date the claims accrue. *See*, *e.g.*, *Piotrowski v. City of Houston*, 237 F.3d 567, 577 (5th Cir. 2001) (citing *Burrell v. Newsome*, 883 F.2d 416, 418 (5th

II.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

When a litigant may be barred by the statute of limitations from re-asserting her claims, a Rule 41(b) dismissal is tantamount to a dismissal with prejudice and the court is required to apply a higher standard of review. *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (concluding that where limitations prevents or arguably may prevent further litigation, the court may dismiss for want of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff, and the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile). In applying the higher standard, the court must find "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself

---

Cir. 1989)) (footnote omitted); *see also Helton v. Clements*, 832 F.2d 332, 334 (5th Cir. 1987)). The statute of limitations for APA claims is six years from the time the claim accrues. *See American Stewards of Liberty v. Dept' of Interior*, 960 F.3d 223, 229, n.3 (5th Cir. 2020) (citing *Dunn-McCampbell Royalty Interests, Inc. v. National Park Service*, 112 F.3d 1283 1286 (5th Cir. 1997) (citing, in turn, 28 U.S.C. § 2401(a)). And a claim under the Privacy Act must be brought within two years of the date that the cause of action accrues. *See* 5 U.S.C. § 522a(g)(5). So, if Breshell's claims accrued on January 19, 2022, their dismissal here would not necessarily amount to a dismissal with prejudice. But, again, given the ambiguous and vague nature of the pleadings, the Court cannot say with much certainty that the claims accrued on that date and applies the higher standard of review for recommending their dismissal under Rule 41(b).

and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.*; *see also Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016) ("Although '[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'") (internal quotations and quoted cases omitted)).

Here, the Court finds that there is a clear record of purposeful delay or contumacious conduct by Breshell. Breshell has had ample time to comply with the Court's deficiency orders by either paying the $402.00 filing fee or filing a completed form-motion to proceed IFP. Since Breshell is representing herself, the delay caused by her implied refusal to comply with the Court's orders is attributable to her alone. *See Berry*, 975 F.2d at 1191. Moreover, considering her failure to pay the filing fee or file a proper IFP motion despite two orders from the Court, no lesser sanction will prompt diligent prosecution of this case. Indeed, the case cannot proceed absent the filing fee or a motion to proceed IFP. Thus, the Court should exercise its discretion to dismiss under Rule 41(b) even if limitations may prevent further litigation of Breshell's claims. *See Nottingham*, 837 F.3d at 441 (holding court did not abuse its discretion in applying higher standard of review and dismissing *pro se* civil rights action due to plaintiff's intentional noncompliance with court orders); *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (same as to habeas petition).

For the foregoing reasons, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with court orders and for want of prosecution. *See* FED. R. CIV. P. 41(b).

**SO RECOMMENDED** on December 21, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).